IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **GLORIA A. WHITE,** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:25-cv-1227 |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| **NATIONSTAR MORTGAGE, LLC** *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 1). Because Plaintiffs' claims are precluded by the *Rooker-Feldman* doctrine and the Anti-Injunction Act, this Court lacks jurisdiction. Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED.**

BACKGROUND

On October 21, 2025, Plaintiffs Gloria White and Daryel Clark brough suit against Defendants Nationstar Mortgage, LLC, Rick Kigar, Auction.com, LLC, and Franklin County Sherriff, Dallas Baldwin alleging, under 42 U.S.C. Section 1983, violations of the First and Fourteenth Amendments. Plaintiffs also allege violation of RESPA (12 C.F.R. §1024.33), Fraudulent and Void Foreclosure Judgment, and Wrongful Sale and Collusion. (*Id*. at 1-2). Plaintiffs' claims stem from the foreclosure action of a parcel of real property located at 2691 North Marview Road, Columbus, Ohio 43219, and owned by Plaintiff Gloria White. It is alleged that Plaintiff, Daryel Clark, is the "duly appointed Trustee of the Christian Ministry Trust, which

holds beneficial interest in said property." (*Id*. at 1). Plaintiffs also seek a Motion for Temporary Restraining Order and Preliminary Injunction enjoining Defendants from proceeding with the foreclosure auction on the parcel for Plaintiff's default on her mortgage.

## LAW & ANALYSIS

The *Rooker-Feldman* doctrine stems from two Supreme Court decisions interpreting 28 U.S.C. Section 1257(a). *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). 28 U.S.C. Section 1257(a) is designed "to prohibit end-runs around state court judgments that might occur when parties go into federal court essentially seeking review of a state-court decision." *Kovacic v. Cuyahoga Cty. Dept. of Children and Family Servs.*, 606 F.3d 301, 308 (6th Cir. 2010). Specifically, the statute provides that "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." *Id*. at 308-09. "The *Rooker-Feldman* doctrine, as it has become known, is based on the negative inference that, if appellate court review of such state judgments is vested in the Supreme Court, then it follows that such review may not occur in the lower federal courts." *Id*. at 309. The doctrine shall specifically be applied to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Ind. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the *Rooker-Feldman* doctrine prohibits this Court from entertaining Plaintiffs' claims. Plaintiffs asks that this Court issue a TRO enjoining Defendants from confirming, transferring, or recording title, and "[d]eclare that the foreclosure sale is void and of no effect pending judicial review." (ECF No. 1 at 2). Under the *Rooker-Feldman* doctrine, this

Court may not aid Plaintiffs in circumventing a sound judgment from a state court. Such appeals shall be made via the mechanism of the state appellate courts. *See Dates v. HSBC*, 721 F.Supp.3d 616, 626 (S.D. Ohio 2024). Further, Plaintiffs' alleged imminent injury is intertwined with the judgement of a state court. As such, this Court cannot grant Plaintiffs' sought relief. *See Chapman v. Davis*, 2024 WL 3157779, *1 (S.D. Ohio June 24, 2024) ("[B]ecause the state court's eviction order…is the source of the injury Plaintiff seeks to remedy with a TRO, the *Rooker-Feldman* doctrine bars such relief.").

Additionally, Plaintiffs effectively request that this Court interfere with state court foreclosure proceedings which is prohibited by the Anti-Injunction Act. *See* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); *see also Cragin v. Comerica Mortg. Co.*, 69 F.3d 537 (6th Cir. 1995) ("28 U.S.C. § 2283 generally precludes federal injunctions that would stay pending foreclosure proceedings in the state courts."). Such proceedings include "all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process" and "applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective." *See Dates*, 721 F.Supp.3d at 626 (quoting *Hill v. Martin*, 296 U.S. 393, 403 (1935)). In sum, granting Plaintiffs' TRO would interfere with the state court and its officer's abilities to effectuate the foreclosure judgment.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction (ECF No. 1 (ECF No. 19) is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:   October 23, 2025**