**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA A. WHITE,** ***et al.*****,** | : | |
| | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:25-cv-1227** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **NATIONSTAR MORTGAGE, LLC** ***et al.*****,** | : | **Magistrate Judge S. Courter Shimeall** |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiffs' Motion to Reopen Case and for Leave to file Amended Verified Complaint. (ECF No. 6). For the reasons set forth herein, the Motion is **GRANTED**.

## I. BACKGROUND

On October 21, 2025, Plaintiffs Gloria White and Daryel Clark filed suit against Defendants Nationstar Mortgage, LLC, Rick Kigar, Auction.com, LLC, and Franklin County Sherriff, Dallas Baldwin alleging violations of the First and Fourteenth Amendments under 42 U.S.C. § 1983. Plaintiffs also sought declaratory relief and alleged violation of RESPA (12 C.F.R. §1024.33), Fraudulent and Void Foreclosure Judgment, and Wrongful Sale and Collusion. (*Id.* at 1-2). Plaintiffs' claims stem from the foreclosure of Plaintiff Gloria White's real property located at 2691 North Marview Road, Columbus, Ohio 43219. It is also alleged that Plaintiff Daryel Clark is the "duly appointed Trustee of the Christian Ministry Trust, which holds beneficial interest in said property." (*Id.* at 1). In the initial Complaint, Plaintiffs requested a Temporary Restraining

Order and Preliminary Injunction enjoining Defendants from proceeding with a state court foreclosure action related to Plaintiff's default on her mortgage.

On October 23, 2025, this Court denied Plaintiffs' Motion for a Temporary Restraining Order citing a lack of jurisdiction given that Plaintiffs' claims were barred by the *Rooker-Feldman* doctrine and the Anti-Injunction Act. (ECF No. 3). On November 18, 2025, Plaintiffs filed the instant Motion. (ECF No. 6). Plaintiffs request that this Court reopen this case and allow them to file an amended complaint. The Motion is ripe for this Court's review.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. *Doyle v. Pollit*, 2010 WL 658652, at *1 (S.D. Ohio Feb. 22, 2010) (citing *Rodriquez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). Nonetheless, such motions are typically construed in the Sixth Circuit as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. *Peake v. First Nat'l Bank & Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983).

Under Federal Rule of Civil Procedure 60(b), a party may move for, and the Court may grant, relief from a final judgment, order, or proceeding for any of the following six reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b).

"[M]otions to alter or amend, or for reconsideration, are not intended as a mechanism for a plaintiff to relitigate issues previously considered and rejected, or to submit evidence which in the exercise of reasonable diligence could have been submitted earlier." *Kittle v. State*, 2007 WL 543447, at *1 (S.D. Ohio Feb. 15, 2007) (Marbley, J.) (citing *Helton v. ACS Grp.*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997)). Due to the importance of finality in the justice system, a motion to reconsider a final order should be granted only in extraordinary circumstances, such as a complete failure to address an issue or claim. *Solly v. Mausser*, 2016 WL 74986, at *1 (S.D. Ohio Jan. 7, 2016) (Marbley, J.). Further, it is not the function of a motion to reconsider to renew arguments that the Court has already considered and rejected. *See Lloyd v. City of Streetsboro*, 2018 WL 2985098, at *1 (N.D. Ohio June 14, 2018) (citing *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996)).

## III. LAW AND ANALYSIS

In this Court's October 23, 2025, Opinion and Order, this Court denied Plaintiffs' Motion for Temporary Restraining Order based on a lack of jurisdiction. In that ruling, this Court specifically found it was barred from issuing a TRO enjoining the Defendants from confirming, transferring, or recording title, in the state court action. Nor did this Court find that it had authority to "[d]eclare that the foreclosure sale [was] void and of no effect pending judicial review." (ECF No. 3 at 2–3). This Court did not, however, address the merits of Plaintiffs' complaint which sought declaratory relief and alleged violations of § 1983, RESPA (12 C.F.R. §1024.33), Fraudulent and Void Foreclosure Judgment, and Wrongful Sale and Collusion. (*Id.*). Despite such, this Court inadvertently indicated that Plaintiffs' Motion for a Temporary Restraining Order and Preliminary

Injunction was denied ***with prejudice***. As a result, the entire case was closed during docketing, even though this Cort's Order only addressed denial of the TRO.

The purpose of Rule 60(b) is to allow relief from a final judgment or order. Here, however, the denial of the TRO did not constitute a final judgment on the merits of the complaint. Thus, this Court merely invokes Rule 60(a) to reopen this case. Pursuant to Rule 60(a), "[c]lerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party...." Fed. R. Civ. P. 60(a). The Sixth Circuit has reasoned that:

> The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission. 11 C. Wright & A. Miller, Federal Practice and Procedure § 2854, at 240 (2d ed.1995). Clerical mistakes include those made by judges as well as ministerial employees. *Blanton v. Anzalone,* 813 F.2d 1574, 1577 (9th Cir.1987). The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an "error[ ] of substantive judgment." *Olle,* 910 F.2d at 364 (6th Cir.1990).
>
> …
>
> Stated differently, a court properly acts under Rule 60(a) when it is necessary to "correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial." *Vaughter v. Eastern Air Lines, Inc.,* 817 F.2d 685, 689 (11th Cir.1987). In that regard, when a court has undertaken to "make the judgment or record speak the truth" rather than "something other than what was originally pronounced" the court has not abused its discretion in granting relief under Rule 60(a). *Id.*

*In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002).

Here, this Court makes no adjustment to its legal analysis regarding the *Rooker-Feldman* doctrine or the Anti-Injunction Act. Rather, the Court seeks to clarify that its intention was to deny only the TRO but not to dismiss the case at large. Thus, this Court will reopen this case pursuant to Rule 60(a). Additionally, under Rule 15, a party can amend a pleading "once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or" via a Rule 12 motion. Fed.

R. Civ. P. 15(a)(1). Currently, no defendant has responded to Plaintiffs' Complaint. Therefore, Plaintiffs can amend this one time "as a matter of course." *See* Fed. R. Civ. P. 15(a)(1). Thus, Plaintiffs' Motion to Reopen Case and for Leave to file Amended Verified Complaint is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Reopen Case and for Leave to file Amended Verified Complaint (ECF No. 6) is **GRANTED**. Plaintiffs are **ORDERED** to file the Amended Verified Complaint within **seven (7)** days of the date of this Order.

**IT IS SO ORDERED.**

s/Algenon L. Marbley

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 4, 2026**