**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GLORIA A. WHITE, *et al.*,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **Case No. 2:25-cv-01227** |
| | : | **Judge Algenon L. Marbley** |
| | : | **Magistrate Judge S. Courter M. Shimeall** |
| **NATIONSTAR MORTGAGE LLC, *et al.*,** | : | |
| **Defendants.** | : | |

**REPORT & RECOMMENDATION**

On August 4, 2026, the Court ordered Plaintiffs to file their Amended Complaint by August 11, 2026. (ECF No. 13.) The Court then granted Plaintiffs an extension to file their Amended Complaint by August 28, 2026. (ECF No. 15.) After Plaintiffs' deadline to file their Amended Complaint lapsed without an Amended Complaint or a request for an extension of time, the Court issued a Show Cause Order on September 9, 2026, ordering Plaintiffs to show cause within seven days of that Order and explain why this case should not be dismissed for want of prosecution. (Sept. 9 Show Cause Order, ECF No. 16.) The Court further warned Plaintiffs that failure to respond to the Court's Show Cause Order could result in the recommendation that this case be dismissed for failure to prosecute.

To date, Plaintiffs have failed to respond to the Court's Show Cause Order.

Under the circumstances presented in the instant case, the undersigned recommends dismissal of Plaintiffs' action pursuant to Rule 41(b). The Court's inherent authority to dismiss a plaintiff's action with prejudice because of their failure to prosecute is expressly recognized in Rule 41(b), which provides in pertinent part: "If the plaintiff fails to prosecute or to comply with

these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Walbash R.R. Co.*, 370 U.S. 626, 629–31 (1962)). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (internal citations omitted).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

Here, Plaintiffs have failed to respond to the Court's Sept. 9 Show Cause Order instructing them to show cause why this case should not be dismissed for failure to prosecute their case. Moreover, this Court's Sept. 9 Show Cause Order explicitly cautioned Plaintiffs that failure to comply could result in dismissal of this case. (ECF No. 16); s*ee Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or the lack thereof, is . . . a key

consideration" in whether dismissal under Rule 41(b) is appropriate). Plaintiffs' failure to timely comply with the clear Order of the Court, which established reasonable deadlines for compliance, constitutes bad faith or contumacious conduct. *See Steward v. Cty. of Jackson, Tenn.*, 8 F. App'x 294, 296 (6th Cir. 2001) (concluding that a plaintiff's failure to comply with a court's order "constitute[d] bad faith or contumacious conduct and justifie[d] dismissal"). Because Plaintiffs have missed this deadline and disregarded the Court's order, the undersigned concludes that no alternative sanction would protect the integrity of the pretrial process.

It is therefore **RECOMMENDED** that the Court **DISMISS THIS ACTION WITH PREJUDICE** under Rule 41(b).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**